IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

PHILIP BURGOS,                          CASE NO.:  8:09-bk-23768-KRM
Debtor(s)                                CHAPTER 13

_____/

**DEBTOR'S MOTION TO DETERMINE VALUE OF SECURITY IN
REAL PROPERTY AND ALLOWED SECURED CLAIM FOR CREDITOR
AMERICA'S SERVICING CO. AND TO STRIP LIEN EFFECTIVE UPON
DISCHARGE AND REQUEST FOR ATTORNEY'S FEES**

Pursuant to Local Rule 2002-4, the Court will consider this motion without further notice or hearing unless a party in interest files an objection within 30 days from the date of service of this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at the Sam M. Gibbons U.S. Courthouse, 801 N. Florida Avenue, Suite 727, Tampa, FL 33602 and serve a copy on the Movant's attorney, as named below.  If you file and serve an appropriate objection within the time permitted, **and the objection reveals factual or legal issues requiring a hearing**, the Court will schedule a hearing and you will be notified. Otherwise, the Court will consider the motion and the responses on the papers without further notice or hearing. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

The Debtor(s), PHILIP BURGOS ("Debtor"), by counsel, moves the Court to determine the value of AMERICA'S SERVICING CO. ("ASC") security and the total amount of its allowed secured claim and states as follows:

1.      Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. §1334 and §157(b)(2); 11 U.S.C. § 506 Local, Rule 3012; and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

2.      At the time the Debtor filed the instant bankruptcy petition, the Debtor had a fee simple ownership interest in homestead real property located at 8720 Sandy Plains Drive,

1

Riverview, FL 33578 ("Property") subject to a second mortgage security instrument held by ASC Account # XXXXXXXXX7181, said mortgage having been recorded in Book 15801, Page 1074 among the public records of Hillsborough County. The Property is more particularly described in the public records of Hillsborough County, Florida as follows:

    **Parcel Identification Number: U-13-30-19-74Z-000008-00049.0**
    **Sort Legal Description: PARKWAY CENTER SINGLE FAMILY PHASE 2B**
    **TAX FOLIO NUMBER: 0491501978 A**

3. Debtor has a first mortgage with creditor Carrington Mortgage Services, LLC and they will be seeking the full amount of their loan value of approximately $266,719.51 as its allowed secured claim, Proof of Claim #4.

4. The current fair market value of the Property and ASC's collateral is approximately $145,205.00.

5. ASC filed its Proof of Claim #2 in the amount of $69,014.84.

6. ASC's allowed secured claim should be based on the current value of its collateral, less all superior claims.

7. Therefore, ASC's lien is wholly unsecured.

8. 11 U.S.C. Section 506(a) provides that: "An allowed claim of a creditor secured by a lien on property in which the estate has an interest,.., is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property,...and is an unsecured claim to the extent that the value of such creditor's interest.., is less than the amount of such claim."

9. 11 U.S.C. Section 506(d) further provides that: "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..."

10. Therefore, the Court is requested to value the Property and determine the secured status of ASC, and to void or strip the liens of ASC.

11. Debtor: (a) has retained the law firm of Stamatakis & Thalji, P.L. in this action; and (b) is obligated to pay the law firm of Stamatakis & Thalji, P.L. a reasonable fee for its services in bringing or defending in this case, as well as all costs of collection.

WHEREFORE, Debtor respectfully requests that the Court set a hearing for the purpose of valuing ASC's collateral, determining the total amount of ASC's allowed secured claim, awarding Debtor's counsel attorney's fees for bringing this motion and ordering such further relief as the Court deems just and proper under the circumstances.

I, Philip Burgos, hereby declare under the penalties of perjury that I have read the foregoing and the contents contained therein are true and correct to the best of my personal knowledge.

        Signature of Debtor
        Dated: 03/31/2010   /S/   Philip Burgos
                   Philip Burgos

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 31, 2010 a true and correct copy of the foregoing has been furnished by regular U.S. Mail to all the parties listed below.

        By: / S / Scott Stamatakis
        Scott D. Stamatakis, Esq.
        Florida Bar No.:  178454
        STAMATAKIS & THALJI, P.L.
        13904 N. Dale Mabry Highway, Suite 301
        Tampa, Florida 33618
        (813) 282-9330 (telephone)
        (813) 282-8648 (facsimile)
        Trial Attorney for Debtor

Philip Burgos
8720 Sandy Plains Dr.
Riverview, FL  33578

Terry E. Smith
PO Box 6099
Sun City Center, FL 33571

Americas Servicing Co.,  via Certified mail #
Attention: Teressa J. Williams
Bankruptcy Supervisor
3476 Stateview Blvd
MAC #X2501-01D
Des Moines, IA 50328

America's Servicing Company **,**   via Certified mail #
 a dba of Wells Fargo Home Mortgage, Inc.
Attention: Cara K. Heiden, Co-President
One Home Campus
Des Moines IA  50328